UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| CHRISTINE M. KUSCHEL, ) | Case No. 05-42844-659 |
| ) | Judge Kathy A. Surratt-States |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |
| CHRISTINE M. KUSCHEL, ) | **Adversary No. 06-4274-659** |
| ) | |
| ) | PUBLISHED |
| Plaintiff, ) | |
| ) | |
| -v- ) | |
| ) | |
| DAVID C. KUSCHEL, and ) | |
| PENNSYLVANIA HIGHER EDUCATION ) | |
| ASSISTANCE AGENCY, ) | |
| Defendants. ) | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The matter before the Court is Plaintiff's Amended Complaint to Determine Dischargeability Pursuant to § 523(a)(15) and for Declaratory Judgment, the Answer of David C. Kuschel to Amended Complaint to Determine Dischargeability Pursuant to 11 U.S.C. § 523(a)(15) and for Declaratory Judgment, and the Answer of Substituted Party Pennsylvania Higher Education Assistance Agency (the "PHEAA") to Amended Complaint to Determine Dischargeability Pursuant to 11 U.S.C. § 523(a)(15) and for Declaratory Judgment. A hearing in this matter was held on March 6, 2007, where all parties appeared by counsel and both Plaintiff and Defendant David C. Kuschel appeared in person. Upon consideration of the record as a whole, the Court makes the following FINDINGS OF FACT:

Plaintiff Christine M. Kuschel ("Plaintiff") and Defendant David C. Kuschel ("Defendant") were husband and wife. On November 28, 2000, the parties executed a loan consolidation application and promissory note to combine their individual student loans. Plaintiff's student loan amount was $9,288.84 and Defendant's student loan amount was $41,002.44. Plaintiff attended

college for a short period of time but did not graduate; whereas, Defendant completed a nursing degree program and is currently employed as a licensed nurse. The loan consolidation application and promissory note bearing the signatures of Plaintiff and Defendant, consolidated their student loans (the "Consolidation Note") with the Missouri Higher Education Loan Authority ("MOHELA"). The PHEAA is the current holder of the Consolidation Note and the substituted party replacing MOHELA in this adversary proceeding.

Plaintiff and Defendant dissolved their marriage in the Circuit Court of Franklin County, Missouri on July 26, 2001. Incorporated into the dissolution order was a Property Settlement and Separation Agreement executed by Plaintiff and Defendant where Plaintiff assumed repayment of the Consolidation Note in the amount of $50,900.00. Plaintiff was therefore obligated to make monthly payments of $367.00 on the Consolidation Note. Plaintiff has made no payments on the Consolidation Note since entry of the dissolution order. Defendant filed a Motion for Contempt against Plaintiff in the Circuit Court of Franklin County for her failure to commence payments on the Consolidation Note as required by the dissolution order. Defendant has made payments of over $12,000.00 on the Consolidation Note over the past few years in an attempt to protect his credit rating.

Plaintiff filed a petition for relief under Chapter 7 of the Bankruptcy Code on March 8, 2005. Plaintiff is employed as an accounting coordinator at Healthcare Systems and part-time as a bartender at a local bar. Plaintiff currently earns $33,000.00 per year from her employment. Plaintiff's monthly income is $2,595.99 and her monthly expenses are $2,680.04; therefore, Plaintiff's monthly expenses exceed her income by $84.05. Plaintiff remains unmarried without children and lives alone.

Defendant is employed at St. Luke's Hospital and earns an annual income of $72,000.00. Defendant's net monthly income is $4,076.00 per month and his monthly expenses are $3,435.00. Defendant's income therefore exceeds his expenses by $641.00 per month. Defendant currently

-2-

resides with his girlfriend and her minor child in a residence owned by his girlfriend.  Defendant contributes to the household by paying the mortgage, purchasing groceries, and funding the minor child's educational program at Sylvan Learning Center.  Defendant's girlfriend earns $50,000.00 per year as an employee in the healthcare field.  Defendant acknowledges that he could afford to repay the Consolidation Note by managing his properties in a fiscally responsible manner and by undertaking part-time employment.

Defendant also owned rental properties prior to the parties' marital dissolution and has acquired new real estate properties since the parties' marital dissolution.  Although Defendant testified that he has an operating net loss from his real estate business, his rental properties have appreciated to over $850,000.00 in value and he has a positive cash flow.  Defendant also recorded a vacancy of only 20% in 2006.

Plaintiff acknowledges that she agreed to repay the Consolidation Note under the dissolution order yet argues that she is entitled to discharge this obligation under Section 523(a)(15).  Plaintiff cannot afford to make monthly payments of $370.00 given that she has a deficiency of $84.05 in her monthly budget.  Even if Plaintiff could afford to repay the Consolidation Note, the equities balance in her favor since Defendant earns more than twice her annual salary and generates positive income from his real estate holdings.

Plaintiff further states that she did not sign the Consolidation Note and indicates that the signature on the Consolidation Note does not match her signature.  Plaintiff therefore argues that she is not obligated on the Consolidation Note.  Plaintiff also argues that she did not receive a benefit from the student loan since she incurred only $9,288.84 for her portion of the $50,900.00 Consolidated Note.  Therefore, Plaintiff argues that she is entitled to discharge the Consolidation Note under Section 523(a)(8).

Defendant argues that Plaintiff's obligation to repay the Consolidation Note under the dissolution order should be enforced.  The Circuit Judge in the parties' dissolution proceeding made

a finding that the Property Settlement and Separation Agreement was not unconscionable, and Plaintiff never objected to the entry of this agreement. Defendant further argues that Plaintiff never made payments towards the balance of the Consolidation Note. Plaintiff could afford to make payments on the Consolidation Note if she scaled down her lifestyle. Plaintiff has spent her income frivolously even after filing her bankruptcy petition and has even purchased a new car even though her previous car was only three years old. Furthermore, Plaintiff failed to prove she did not agree to the terms of the Consolidation Note. Therefore, Defendant argues that Plaintiff has the ability to repay the Consolidation Note under Section 523(a)(15).

The PHEAA argues that the consolidation application and promissory note indicates that Plaintiff is liable on the Consolidation Note. Plaintiff testified that she understood that Plaintiff and Defendant's student loans were consolidated, but she did not know she was a co-obligor. However, Plaintiff did receive monthly statements and understood that she was obligated under the Consolidation Note. Furthermore, Plaintiff ratified the Consolidation Note by executing both the Property Settlement and Separation Agreement and two forbearance agreements even if it is unclear that her original signature is not genuine. Consequently, the PHEAA argues that the Consolidation Note is nondischargeable under Section 523(a)(8). The Court carefully weighs each argument raised by the parties and provides its decision below.

## JURISDICTION

The Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 151, 157, and 1334 (2005) and Local Rule 81-9.01(B) of the United States District Court for the Eastern District of Missouri. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) (2005). Venue is proper in this District under 28 U.S.C. § 1409(a) (2005).

**CONCLUSIONS OF LAW**

Under Section 523(a)(15), a discharge under Chapter 7 does not discharge a debtor from any debt:

> (15) not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit unless –
>
>> (A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or
>>
>> (B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor.

11 U.S.C. § 523(a)(15)(A)-(B) (2005). "Section 523(a)(15) excepts from discharge those debts arising out of marital dissolution proceedings that…[involve] property settlement awards." *In re Moeder*, 220 B.R. at 54. A rebuttable presumption of nondischargeability arises if the debts are incurred as a portion of a property settlement award. *Brown v. Brown (In re Brown)*, 302 B.R. 637, 643 (Bankr. N.D. Iowa 2003).

A debtor may rebut this presumption of nondischargeability upon showing, by a preponderance of the evidence, that either she cannot pay these debts or a discharge of her debts would create a benefit to her that outweighs the detriment to her former spouse. *Kirchner v. Kirchner (In re Kirchner)*, 206 B.R. 965, 970 (Bankr. W.D. Mo. 1997). Courts compare the relative living standards of the parties when balancing the benefit of discharge versus the detriment. *Mesenbrink v. Eiklenborg (In re Eiklenborg)*, 286 B.R. 718, 723 (Bankr. N.D. Iowa 2002).

Here, Plaintiff was required to repay the Consolidation Note as part of the property

settlement award, so Plaintiff must rebut the presumption that she cannot pay the Consolidation Note. Plaintiff's schedules indicate that she has a monthly deficiency of $84.05; thus, Plaintiff sustained her burden of proof that she is unable to repay the Consolidation Note under Section 523(a)(15)(A).

Furthermore, a comparison of the relative living standards of Plaintiff and Defendant indicates that Defendant has excess income of $641.00 when compared to Plaintiff's $84.05 deficiency. Defendant also holds rental property worth at least $850,000.00, and Defendant lives with his girlfriend who earns in excess of $50,000.00. Under the facts of this case, a discharge of Plaintiff's obligation under the dissolution order outweighs the detrimental consequences to Defendant. Consequently, Plaintiff is also entitled to discharge her obligation under the dissolution order under Section 523(a)(15)(B).

Plaintiff argues that she did not execute the Consolidation Note and presented evidence to that effect. The Court compared Plaintiff's signature on the Consolidation Note with her signature on the forbearance agreements and the signatures do not match. However, the PHEAA argues that even if Plaintiff's signature was forged, Plaintiff ratified the Consolidation Note when she signed the Property Settlement and Separation Agreement and two forbearance agreements. The issue then, is whether Plaintiff ratified the Consolidation Note when she signed the Property Settlement and Separation Agreement and two forbearance agreements.

Under Missouri law, "[a]n individual who was not originally bound by an agreement will become bound if…she ratifies the agreement." *Clear v. Missouri Coordinating Board for Higher Education*, 23 S.W.3d 896, 901 (Mo. Ct. App. 2000). "Ratification, in contract law, has been defined as an act that conforms an otherwise voidable contract into one that is valid and enforceable." *Murphy v. Jackson Nat'l Life Ins. Co.*, 83 S.W.3d 663, 668 (Mo. Ct. App. 2002). "The intent to ratify may be implied from the circumstances…" *Wilks v. Stone*, 339 S.W.2d 590, 595 (Mo. Ct. App. 1960).

-6-

Here, Plaintiff agreed to repay the Consolidation Note as a condition of the Property Settlement and Separation Agreement. Although Plaintiff failed to make any payments on the Consolidation Note, she thereafter signed two forbearance agreements which bore her signature. Consequently, the factual circumstances of this case are sufficient to support a finding that Plaintiff ratified the Consolidation Note. Therefore, the Court finds that even if Plaintiff did not initially sign the Consolidation Note, Plaintiff ratified the Consolidation Note when she signed the Property Settlement and Separation Agreement and two forbearance agreements.

Under Section 523(a)(8), a discharge under Chapter 7 does not discharge a debtor from any debt:

> for an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution, or for an obligation to repay funds received as an educational benefit, scholarship, or stipend,
>
> > unless excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents.

11 U.S.C. § 523(a)(8) (2005). This Court adopts the majority rule that "all federally-guaranteed direct student loan obligations, as well as those indirect student loan obligations which serve to preserve the guaranteed loan system, are non-dischargeable under 523(a)(8)(A)." *Lawson v. Sallie Mae, Inc. (In re Lawson)*, 256 B.R. 512, 517 (Bankr. M.D. Fla. 2000).

Here, Plaintiff did not receive the full educational benefit of the consolidation loan at issue in this case. Plaintiff did obligate herself to repay the Consolidation Note when she ratified the consolidation agreement by signing the Property Settlement and Separation Agreement and two forbearance agreements. Consolidation allows couples to attain a lower payment to soften the impact of repaying their student loans. Furthermore, Congress enacted Section 523(a)(8) in order to protect the integrity of the student loan system for which countless students use to finance their education. If debtors were allowed to discharge consolidated loans under facts analogous to this

-7-

case, this path would lead to a slippery slope that would eventually undermine Congress' intent when it enacted Section 523(a)(8). Therefore, Plaintiff's obligation under the Consolidation Note is nondischargeable under Section 523(a)(8).

By separate order, judgment will be granted in part in favor of Plaintiff against Defendant and denied in part in favor of the PHEAA against Plaintiff.

*Kathy A. Surratt-States*

KATHY A. SURRATT-STATES
United States Bankruptcy Judge

DATED: April 12, 2007
St. Louis, Missouri

Copies to:

Office of the United States Trustee
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Suite 6.353
St. Louis, MO  63102

Christine M. Kuschel
1942 Marine Terrace Unit B
St. Louis, MO 63146

David C. Kuschel
PO Box 4401
Chesterfield, MO 63006

Gary Lee Vincent
Husch and Eppenberger
190 Carondelet Plz., Ste. 600
St. Louis, MO 63105

Steven Reid White
Purschke & White LLC
316 East Locust St.
Union, MO 63084

William M. Spieler
Leslie, Spieler & Fulford LLC
100 E Locust St
Union, MO 63084-1830